NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THASHA A. BOYD,**
*Petitioner,*

v.

**DEPARTMENT OF LABOR,**
*Respondent.*

---

2014-3015

---

Petition for review of the Merit Systems Protection Board in No. AT0752120513-I-1.

---

Decided: April 11, 2014

---

THASHA A. BOYD, of Kennesaw, Georgia, pro se.

ANTONIA R. SOARES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before DYK, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

Thasha A. Boyd appeals from a final order of the Merit Systems Protection Board ("Board") denying her petition for review of the Board's July 13, 2012 initial decision dismissing her involuntary resignation claim for lack of jurisdiction. *Boyd v. Dep't of Labor*, No. AT0752120513-I-1 (M.S.P.B. Sept. 17, 2013) ("*Final Order*"). For the reasons that follow, we affirm.

## BACKGROUND

Ms. Boyd was previously employed as an Immigration Services Officer with the U.S. Citizenship and Immigration Service at the GS-11 level. In February 2010, she assumed the GS-12 position of Immigration Program Analyst with the Department of Labor's Atlanta National Processing Center ("ANPC"). She worked there until March 17, 2010, when she was demoted back to a GS-11 position because management had discovered that she did not have the specialized experience required for the GS-12 position. She appealed her demotion to the Board, which ultimately reversed the demotion because the agency had failed to provide her with notice and an opportunity to respond.

Throughout Ms. Boyd's tenure at ANPC, she filed several complaints with management regarding harassment by other employees and contractors' staff, and her coworkers and contract staff also filed several complaints against her. For example, in November 2011, a contract employee named Kathleen Kurth filed a complaint against Ms. Boyd, alleging that she had intentionally bumped into Ms. Kurth's shoulder when Ms. Kurth had discovered Ms. Boyd going through documents on her desk. Ms. Boyd filed a cross-complaint that Ms. Kurth had harassed her by hitting her on the arm when she was trying to leave Ms. Kurth's cubicle. On February 16, 2012, the Department of Labor ("Labor") proposed to suspend Ms. Boyd for ten days for the physical altercation

with Ms. Kurth. Then, in April 2012, another employee, Ms. Tracey Harbour, filed a complaint against Ms. Boyd, alleging that she had held the stairway door closed and would not allow Ms. Harbour to enter the office. Shortly thereafter, Ms. Boyd's supervisor told her that he needed to speak with her about the allegations filed against her by Ms. Harbour and others. On April 11, 2012, Ms. Boyd submitted her resignation, effective that day.

Ms. Boyd filed an appeal with the Board, alleging that her resignation was involuntary because Labor made her working conditions so difficult that a reasonable person in her position would have been compelled to resign. The administrative judge assigned to her case granted Ms. Boyd a jurisdictional hearing to establish that her resignation was in fact involuntary. At the hearing, Ms. Boyd declined to testify, but instead submitted a written statement. Several witnesses testified about their alleged confrontations with Ms. Boyd. Ultimately, the administrative judge concluded that Ms. Boyd had failed to establish that a reasonable person in her position would have felt compelled to resign, and thus the Board lacked jurisdiction over her appeal. *Boyd v. Dep't of Labor*, No. AT0752120513-I-1 (M.S.P.B. July 31, 2012) ("*Initial Decision*") at 13. Ms. Boyd filed a petition for review of that decision with the Board. The Board affirmed the administrative judge's decision and denied the petition for review. *Final Order* at 2.

Ms. Boyd timely appealed the Board's final order. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited by statute. Under 5 U.S.C. § 7703(c), we may only reverse a Board decision if we find the decision to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. *Ward*

*v. U.S. Postal Serv.*, 634 F.3d 1274, 1278 (Fed. Cir. 2011). "The [Board's] determination that it lacked jurisdiction is a question of law that the court reviews de novo." *Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011) (citing *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995)). "Before the Board, an appellant bears the burden of establishing Board jurisdiction." *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006).

An employee initiated action such as resignation is presumed to be voluntary and, thus, outside the Board's jurisdiction. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc); 5 C.F.R. § 752.401(b)(9). "[T]his presumption will prevail unless plaintiff comes forward with sufficient evidence to establish that the resignation was involuntarily extracted." *Garcia*, 437 F.3d at 1329 (citation omitted). Thus, the Board only possesses jurisdiction over an employee's appeal "if the employee proves, by a preponderance of the evidence, that [his or her action] was involuntary and thus tantamount to [a forced enumerated adverse action]." *Id.* at 1329-30 (alterations in original) (citing *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001)).

> [T]o establish involuntariness on the basis of coercion this court requires an employee to show: (1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency.

*Shoaf,* 260 F.3d at 1341. The test is an objective one; the employee must "establish that a reasonable employee confronted with the same circumstances would feel co-

erced into resigning." *Middleton v. Dep't of Defense*, 185 F.3d 1374, 1379 (Fed. Cir. 1999).

Ms. Boyd challenges the Board's decision on several grounds, none of which is persuasive.[1]

First, Ms. Boyd raises numerous challenges to the administrative judge's factual findings, as affirmed by the Board. For example, she argues that there are inconsistencies in the evidence because her supervisor testified that she did not observe certain incidents between Ms. Boyd and other employees that other witnesses testified to having happened. Pet'r Br. 1. However, without more, the mere fact that some witnesses observed an incident while others did not does not render the testimony inconsistent. Similarly, Ms. Boyd relies heavily on the lack of documentary evidence to corroborate certain portions of the testimony. In particular, she notes that "Michael Holston's testimony that Appellant physically accosted Kim Starling" is unsupported by documentary evidence because "the Notice and Final Determination of the 10-day suspension issued against Appellant make no mention of incidents with Michael Holston, Kim Starling or any other employees and Appellant." Pet'r Br. Continuation 2. But that is unsurprising, as the suspension was based only on the incident with Ms. Kurth. And moreover, there is no requirement that reliable testimonial evidence be corroborated by documentary evidence. Ms. Boyd's other arguments regarding the administrative judge's factual findings are no more compelling. Thus, she has failed to demonstrate that the Board or adminis-

---

[1]    Ms. Boyd filed virtually identical informal briefs in both this case and No. 2014-3022, which relates to her Individual Right of Action appeals under the Whistle-blower Protection Act. We have attempted to determine which of her arguments relates to each appeal and have addressed them in the corresponding opinions.

trative judge incorrectly decided or failed to take into account any relevant facts.

Second, Ms. Boyd argues that the administrative judge committed several legal errors. Many of her arguments focus on the standard the administrative judge applied in making his credibility determinations. Ms. Boyd insists that, rather than consider all of the factors enumerated in *Hillen v. Department of the Army*, 35 M.S.P.R. 453 (1987), the administrative judge based his conclusion solely on the witnesses' "demeanor." Pet'r Br. 1, Pet'r Br. Continuation 6-7. Moreover, Ms. Boyd insists that the administrative judge inappropriately discounted her own evidence because there were a greater number of witnesses on the other side. Pet'r Br. Continuation 10-11. We disagree.

*Hillen* explains that an administrative judge making a credibility determination must consider the following factors:

> (1) [t]he witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor.

35 M.S.P.R. at 458. The administrative judge did exactly that. In his opinion, he noted that he found the testimony of two witnesses—Mr. Holston and Ms. Kurth—credible because (a) the record contained no evidence contradicting their testimony; (b) they testified in a straightforward, consistent, and believable manner; (c) their testimony was not inherently improbable; and (d) there was no reason to question their opportunity and capacity to observe the events in question. *Initial Decision* at 10. Similarly, he

did not err in discounting the probative value of Ms. Boyd's own testimony, which was provided only in the form of a hearsay written statement. Consistent with the factors laid out in *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981), the administrative judge noted that Ms. Boyd was available to testify but chose not to, that she was not a disinterested party, that there was a lack of corroborating evidence, and that there was significant (and credible) contradictory evidence. *Initial Decision* at 9-12. Moreover, because the administrative judge's credibility determinations were based on a full consideration of all of the proper factors, the Board did not err in deferring to those determinations. Thus, neither the administrative judge nor the Board committed legal error in crediting the testimony of the hearing witnesses over Ms. Boyd's out-of-court hearsay statement.

Ms. Boyd also argues that the administrative judge violated our ruling in *Whitmore v. Department of Labor*, 680 F.3d 1353 (Fed. Cir. 2012), by failing to identify every piece of record evidence he considered in reaching his decision. Pet'r Br. Continuation 8. It is true that in *Whitmore* we admonished that "[a]ny determination by an administrative judge that is based on findings made in the abstract and independent of the evidence which fairly detracts from his or her conclusions is unreasonable and, as such, is not supported by substantial evidence." 680 F.3d at 1376. However, in that case we found that there was "considerable countervailing evidence" that the administrative judge had "manifestly ignored, overlooked, or excluded." *Id.* The same is not true here. In this case, the administrative judge did consider Ms. Boyd's written statement, he merely concluded—entirely appropriately— that it was of limited probative value.

Next, Ms. Boyd argues that the Board erred by finding that her involuntary resignation claim is "undercut" by the fact that many of the events she complained of took place more than six months prior to her resignation. Pet'r

Br. Continuation 14-15.  But, as the government notes, we have previously stated that "the most probative evidence of involuntariness will usually be evidence in which there is a relatively short period of time between the employer's alleged coercive act and the employee's retirement." *Terban v. Dep't of Energy*, 216 F.3d 1021, 1042 (Fed. Cir. 2000).  Thus, there was no legal error in the Board's simple observation that certain (though admittedly not all) of Ms. Boyd's allegations occurred well before her resignation.

We have considered Ms. Boyd's remaining arguments and find them unpersuasive.  We find no reason to conclude that the Board's findings were unsupported by substantial evidence or were not in accordance with law.

CONCLUSION

For the foregoing reasons, we conclude that the Board correctly denied Ms. Boyd's petition for review and affirmed the dismissal of her appeal for lack of jurisdiction.  Accordingly, we affirm.

**AFFIRMED**

COSTS

Each party shall bear its own costs.