**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| THASHA A. BOYD,<br>        Appellant, | DOCKET NUMBER<br>AT-0731-13-7162-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>        Agency. | DATE: November 21, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thasha A. Boyd</u>, Kennesaw, Georgia, pro se.

<u>Megan Erb</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision which dismissed this individual right of action (IRA) appeal regarding her pre-appointment background investigation for lack of jurisdiction.  Generally, we

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

grant petitions such as these only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant applied for several vacancies with the Department of Homeland Security (DHS), and was tentatively selected for a position in late 2012, pending a background investigation. *Boyd v. Office of Personnel Management*, MSPB Docket No. AT-0731-13-7162-I-1 (*Boyd I*), Initial Appeal File (IAF-I), Tab 1 at 5, 12; *Boyd v. Department of Homeland Security*, MSPB Docket No, AT-1221-13-3375-W-1, Initial Appeal File (IAF-III), Tab 4 at 20-21, Tab 6 at 20-21. DHS rescinded its tentative offer in April 2013. IAF-I, Tab 1 at 12. DHS indicated that while there was an immediate need to fill the position in order to meet mission requirements, the agency was unable to determine how long it would take to complete its investigation into the appellant's background. *Id*. Subsequently, the appellant filed an IRA appeal with the Board alleging that this rescission was the result of whistleblower disclosures she made in May 2010

and April 2011, while employed at the Department of Labor (DOL).[2] *Id.* at 5, 9-10.

¶3 The appeal was docketed as three separate cases against the Office of Personnel Management (OPM), DOL, and DHS, the three parties named by the appellant. *See* IAF-I (claim against OPM); *Boyd v. Department of Labor*, MSPB Docket No. AT-3443-13-7178-I-1 (*Boyd II*), Initial Appeal File (IAF-II) (claim against DOL); IAF-III (claim against DHS). We refer here to the appellant's IRA claims against OPM and DOL as *Boyd I* and *Boyd II*, respectively.

¶4 For the appellant's claims against OPM and DOL, the administrative judge issued show cause orders to the appellant to submit argument and evidence constituting nonfrivolous allegations falling within the Board's jurisdiction. IAF-I, Tab 3; IAF-II, Tab 3. The appellant submitted responses for each. IAF-I, Tab 4; IAF-II, Tab 5. Nevertheless, the administrative judge dismissed both cases for lack of jurisdiction. IAF-I, Tab 11, Initial Decision (ID-I); IAF-II, Tab 10, Initial Decision (ID II). The appellant has filed petitions for review. *Boyd I*, MSPB Docket No. AT-0731-13-7162-I-1, Petition for Review (PFR-I) File, Tab 1 (claim against OPM); *Boyd II*, MSPB Docket No. AT-3443-13-7178-I-1, Petition for Review (PFR-II) File, Tab 1 (claim against DOL). In this Order, we address the appellant's claims against OPM in *Boyd I.*

¶5 The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before the Office of Special Counsel (OSC)[3] and makes

---

[2] The appellant resigned from her DOL position in April 2012. In three prior Board appeals, she alleged that DOL constructively removed her and engaged in whistleblower retaliation. The Board dismissed the constructive removal appeal. *Boyd v. Department of Labor*, MSPB Docket No. AT-0752-12-0513-I-1, Final Order at 3-8 (Sept. 17, 2013). The Board reviewed her whistleblower retaliation claims, found that she failed to meet her burden of proof as to one and dismissed the other based upon judicial efficiency. *Boyd v. Department of Labor*, MSPB Docket Nos. AT-1221-12-0456-W-1 & AT-1221-12-0665-W-1, Final Order at 4, 7-11 (Sept. 17, 2013). The U.S. Court of Appeals for the Federal Circuit affirmed those decisions. *Boyd v. Department of Labor*, 561 F. App'x 973 (Fed. Cir. 2014) (Table); *Boyd v. Department of Labor*, 561 F. App'x 978 (Fed. Cir. 2014) (Table).

nonfrivolous allegations that: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  For the first element, engaging in whistleblowing activity by making a protected disclosure, the Board has found that an individual who is perceived as a whistleblower is still entitled to the protections of the Whistleblower Protection Act (WPA),[4] even if she has not made protected disclosures.  *King v. Department of Army*, 116 M.S.P.R. 689, ¶ 6 (2011).

¶6      The appellant's response to the administrative judge's show cause order suggested that OPM was aware of her prior whistleblowing concerning DOL and, as a result, retaliated by issuing a "fallacious, biased, and subjective" background investigation as it relates to the DHS position she sought.  IAF-I, Tab 4 at 6-9. She also alleged that the background check OPM conducted was unnecessary and unwarranted because she previously held a security clearance.  *Id*. at 4.  The appellant then alleged that OPM erred in permitting the one person it contacted at DOL for an interview to opt out of providing one.  *Id*. at 5.

---

[3] The administrative judge did not address this jurisdictional requirement in his initial decisions, *see* ID-I at 4-7; ID-II at 4-7, but the appellant's appeal included letters from OSC indicating that she had filed a complaint and that OSC was closing its inquiry, IAF-I, Tab 1 at 13-15.  Therefore, we find that the appellant exhausted her claims before OSC.

[4] The Whistleblower Protection Enhancement Act of 2012 (WPEA), which amended the WPA, became effective on December 27, 2012, before the appeal was filed in this case. As discussed below, the changes enacted by the WPEA do not affect the outcome of this appeal.

¶7    In her petition for review of *Boyd I*, the appellant presents further arguments for her claim of whistleblower retaliation.[5]  PFR-I File, Tab 1 at 5. The appellant first argues that the administrative judge erred in concluding that OPM's background investigation painted her in a positive light.  *Id*. at 5, 7-8. Next, the appellant argues that despite the judge's assertion to the contrary, she did present evidence that OPM knew of her alleged whistleblowing.  *Id*. at 5. Finally, she argues that the judge erred in finding that the Board has no jurisdiction over how OPM conducted its background investigation.  *Id*.

¶8    As detailed above, to establish jurisdiction in an IRA appeal as a whistleblower an appellant must present a nonfrivolous allegation that she engaged in a protected disclosure or that she was perceived as a whistleblower. *King*, 116 M.S.P.R. 689, ¶¶ 6, 8.  In her initial appeals, the appellant did not identify specific disclosures, but she did reference prior claims she had before the Board regarding her alleged whistleblowing.  IAF-I, Tab 1 at 5 & n.3; IAF-II, Tab 1 at 5 & n.3.  She also alleged that OPM perceived her as a whistleblower because she had informed DHS that she was engaged in litigation with DOL over disclosures of fraud, waste, and abuse.  IAF-I, Tab 4 at 6, 31-36.  She speculated that OPM would have learned of this, *id*. at 6, but provided no supportive evidence.  To the contrary, her evidence of OPM's background investigation contains no reference to these materials and no mention of whistleblowing.  *Id*. at 20-21.  Nevertheless, in a prior case, the Board confirmed that the appellant had

---

[5] Among the allegations in her appeal, the appellant suggested that DHS had refused to complete a suitability determination.  IAF-I, Tab 1 at 8-9.  As a result, the administrative judge's dismissal included a finding that the appellant had failed to demonstrate the existence of a suitability action.  ID-I at 3-4.  However, the appellant's petition for review withdraws the allegation, clarifying that her appeal should not have been construed as one regarding a suitability determination.  PFR-I, Tab 1 at 5. Therefore, we do not consider this allegation further.

made protected disclosures.[6] *See Boyd*, Docket Nos. AT-1221-12-0456-W-1 & AT-1221-12-0665-W-1, Final Order at 7 (Sept. 17, 2013).

¶9    Although the Board found her disclosures protected in a previous appeal, the appellant also must satisfy the second jurisdictional element, a nonfrivolous allegation that the disclosures were a contributing factor in an agency's decision to take or fail to take a personnel action. *King*, 116 M.S.P.R. 689, ¶¶ 6, 9. Here, the appellant failed to present any evidence of OPM engaging in a "personnel action" as it relates to the DHS position for which she applied. *See* 5 U.S.C. § 2302(a)(2)(A). While DHS's nonselection of the appellant for its vacancy was a personnel action, *see King*, 116 M.S.P.R. 689, ¶ 10, OPM's background investigation was not. In reaching this conclusion, we note that Congress took such investigations into consideration when it recently amended the WPA by enacting the WPEA. Specifically, the legislative history of the WPEA indicates that, although Congress was aware that retaliatory investigations were not expressly referenced as a personnel action under the WPA, it declined to insert a provision concerning such investigations in light of the Administration's concern "that legitimate and important agency inquiries—including . . . routine background investigations for initial employment . . . —not be chilled by fear of challenge and litigation." S. Rep. No. 112-743, at 21 (2012). Because there is no indication in the statute or its legislative history that routine OPM background investigations are personnel actions under the WPA, the administrative judge correctly dismissed the appellant's appeal in *Boyd I* for lack of jurisdiction.

¶10    Based upon the above, we find that the appellant has failed to meet her burden of presenting nonfrivolous allegations of Board jurisdiction in her IRA

---

[6] The protected disclosures were letters that were sent to the Government Accountability Office, requesting an investigation into the operations of the Office of Foreign Labor Certification as it related to a lack of production standards, frequent breaks, pay inequality, questionable hiring practices, misuse of government equipment, and poor training. *Boyd*, Docket Nos. AT-1221-12-0456-W-1 & AT-1221-12-0665-W-1, Final Order at 3, n.4 (Sept. 17, 2013).

appeal against OPM. Accordingly, the initial decision dismissing the appeal in MSPB Docket No. AT-0731-13-7162-I-1 is AFFIRMED.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.