# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THASHA A. BOYD,
              Appellant,

      v.

DEPARTMENT OF LABOR,
              Agency.

DOCKET NUMBER
AT-3443-13-7178-I-1

DATE: November 21, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thasha A. Boyd, Kennesaw, Georgia, pro se.

Uche N. Egemonye, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this individual right of action (IRA) appeal regarding her pre-appointment background investigation for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

¶2    The appellant applied for several vacancies with the Department of Homeland Security (DHS), and was tentatively selected for a position in late 2012, pending a background investigation. *Boyd v. Office of Personnel Management*, MSPB Docket No. AT-0731-13-7162-I-1 (*Boyd I*), Initial Appeal File (IAF-I), Tab 1 at 5, 12; *Boyd v. Department of Homeland Security*, MSPB Docket No, AT-1221-13-3375-W-1, Initial Appeal File (IAF-III), Tab 4 at 20-21, Tab 6 at 20-21. DHS rescinded its tentative offer in April 2013. IAF-I, Tab 1 at 12. DHS indicated that while there was an immediate need to fill the position in order to meet mission requirements, the agency was unable to determine how long it would take to complete its investigation into the appellant's background. *Id*. Subsequently, the appellant filed an IRA appeal with the Board alleging that this rescission was the result of whistleblower disclosures she made in May 2010 and April 2011, while employed at the Department of Labor (DOL).[2] *Id*. at 5, 9-10.

¶3    The appeal was docketed as three separate cases against the Office of Personnel Management (OPM), DOL, and DHS, the three parties named by the appellant. *See* IAF-I (claim against OPM); *Boyd v. Department of Labor*, MSPB Docket No. AT-3443-13-7178-I-1 (*Boyd II*), Initial Appeal File (IAF-II) (claim

---

[2] The appellant resigned from her DOL position in April 2012. In three prior Board appeals, she alleged that DOL constructively removed her and engaged in whistleblower retaliation. The Board dismissed the constructive removal appeal. *Boyd v. Department of Labor*, MSPB Docket No. AT-0752-12-0513-I-1, Final Order at 3-8 (Sept. 17, 2013). The Board reviewed her whistleblower retaliation claims, found that she failed to meet her burden of proof as to one and dismissed the other based upon judicial efficiency. *Boyd v. Department of Labor*, MSPB Docket Nos. AT-1221-12-0456-W-1 & AT-1221-12-0665-W-1, Final Order at 4, 7-11 (Sept. 17, 2013). The Federal Circuit affirmed those decisions. *Boyd v. Department of Labor*, 561 F. App'x 973 (Fed. Cir. 2014) (Table); *Boyd v. Department of Labor*, 561 F. App'x 978 (Fed. Cir. 2014) (Table).

against DOL); IAF-III (claim against DHS).  We refer here to the appellant's IRA claims against OPM and DOL as *Boyd I* and *Boyd II*, respectively.

¶4      For the appellant's claims against OPM and DOL, the administrative judge issued show cause orders to the appellant to submit argument and evidence constituting nonfrivolous allegations falling within the Board's jurisdiction. IAF-I, Tab 3; IAF-II, Tab 3.  The appellant submitted responses for each.  IAF-I, Tab 4; IAF-II, Tab 5.  Nevertheless, the administrative judge dismissed both cases for lack of jurisdiction.  IAF-I, Tab 11, Initial Decision (ID I); IAF-II, Tab 10, Initial Decision (ID-II).  The appellant has filed petitions for review. *Boyd I*, MSPB Docket No. AT-0731-13-7162-I-1, Petition for Review (PFR-I) File, Tab 1 (claim against OPM); *Boyd II*, MSPB Docket No. AT-3443-13-7178-I-1, Petition for Review (PFR-II) File, Tab 1 (claim against DOL).  In this Order, we address the appellant's claims against DOL in *Boyd II*.

¶5      The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before the Office of Special Counsel (OSC)[3] and makes nonfrivolous allegations that:  (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  For the first element, engaging in whistleblowing activity by making a protected disclosure, the Board has found that an individual who is perceived as a whistleblower is still entitled to the protections of the Whistleblower Protection

---

[3] The administrative judge did not address this jurisdictional requirement in his initial decisions, *see* ID-I at 4-7; ID-II at 4-7, but the appellant's appeal included letters from OSC indicating that she had filed a complaint and that OSC was closing its inquiry, IAF-I, Tab 1 at 13-15.  Therefore, we find that the appellant exhausted her claims before OSC.

Act (WPA),[4] even if she has not made protected disclosures.  *King v. Department of Army*, 116 M.S.P.R. 689, ¶ 6 (2011).

¶6          In *Boyd II*, the appellant's response to the show cause order alleged that two of her former supervisors at DOL were in positions to provide negative employment references for the DHS vacancy.  IAF-II, Tab 5 at 4-5.  She surmised that these DOL supervisors provided such references in retaliation for her alleged whistleblowing while employed there.  *Id*. at 5.  In her petition for review of *Boyd II*, the appellant argues that the administrative judge erred in finding that there was no evidence of DOL's retaliating by providing negative information to OPM.  PFR II, Tab 1 at 6.  Moreover, she argues that DOL's providing negative information, if any, was a "personnel action" under the WPA and that the administrative judge erred in finding otherwise.  *Id*. at 6-9.

¶7          As detailed above, to establish jurisdiction in an IRA appeal as a whistleblower, an appellant must present a nonfrivolous allegation that she engaged in a protected disclosure or that she was perceived as a whistleblower.  *King*, 116 M.S.P.R. 689, ¶¶ 6, 8.  In her initial appeals, the appellant did not identify specific disclosures, but she did reference prior claims she had before the Board regarding her alleged whistleblowing.  IAF-I, Tab 1 at 5 & n.3; IAF-II, Tab 1 at 5 & n.3.  She also alleged that OPM perceived her as a whistleblower because she had informed DHS that she was engaged in litigation with DOL over disclosures of fraud, waste, and abuse.  IAF-I, Tab 4 at 6, 31-36.  She speculated that OPM would have learned of this, *id*. at 6, but provided no supportive evidence.  To the contrary, her evidence of OPM's background investigation contains no reference to these materials and no mention of whistleblowing.  *Id*. at 20-21.  Nevertheless, in a prior case, the Board confirmed that the appellant had

---

[4] The Whistleblower Protection Enhancement Act of 2012 (WPEA), which amended the WPA, became effective on December 27, 2012, before the appeal was filed in this case. The changes enacted by the WPEA do not affect the outcome of this appeal.

made protected disclosures.[5]  *See Boyd*, Docket Nos. AT-1221-12-0456-W-1 & AT-1221-12-0665-W-1, Final Order at 7 (Sept. 17, 2013).

¶8        Although the Board found her disclosures protected in a previous appeal, the appellant also must satisfy the second jurisdictional element, a nonfrivolous allegation that the disclosure was a contributing factor in an agency decision to take or fail to take a personnel action.  *King*, 116 M.S.P.R. 689, ¶¶ 6, 9.  We find that the appellant's assertions, accepted as true, constituted a nonfrivolous allegation of jurisdiction that DOL's actions amounted to a threatened or an actual denial of appointment and thus constituted a covered "personnel action" under our precedent.

¶9        In *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 23 (2012), the Board held that "blacklisting" an employee could constitute a personnel action within the meaning of the WPA.  There, the appellant asserted that the agency retaliated against him for his protected disclosures, in part, by relieving him of his duties, denying him the opportunity to extend his appointment, and "blacklisting" him from future employment opportunities.  *Id.*, ¶ 17.  The Board found that, construed broadly, "blacklisting" could constitute a failure to appoint, or a threatened failure to appoint, both of which are expressly covered personnel actions under the WPA, and, therefore, remanded the appeal for further adjudication.  *Id.*, ¶ 23.

¶10       It is well-established that an appointment to a position may be conditioned upon the completion of a background investigation and that information discovered in the course of that investigation may be the basis for the cancellation of an appointment.  *See Brown v. Social Security Administration*, 118 M.S.P.R.

---

[5] The protected disclosures were letters to the Government Accountability Office, requesting investigation into the operations of the Office of Foreign Labor Certification as it related to a lack of production standards, frequent breaks, pay inequality, questionable hiring practices, misuse of government equipment, and poor training. *Boyd*, MSPB Docket Nos. AT-1221-12-0456-W-1 & AT-1221-12-0665-W-1, Final Order at 3, n.4 (Sept. 17, 2013).

128 (2012); 5 C.F.R. Parts 731, 736. However, this appeal involves more than a merely hypothetical effect from the dissemination of derogatory information. Taking the appellant's assertions as true, the allegedly negative information clearly represented a direct and credible threat to the appellant's conditional DHS appointment. This threat was not speculative, but rather, was comparable to the allegation of "blacklisting" deemed actionable in *Mattil*, involving specific actions by an agency official to prevent the appellant's employment in a particular position, and, therefore, could constitute a personnel action within the meaning of the WPA.

¶11    Because the appellant established jurisdiction over her IRA appeal in *Boyd II*, she is entitled a hearing on the merits.

## ORDER

¶12    For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.