# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THASHA A. BOYD,

          Appellant,

       v.

DEPARTMENT OF LABOR,

          Agency.

DOCKET NUMBER
AT-1221-14-0998-W-1

DATE: June 8, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thasha A. Boyd</u>, Kennesaw, Georgia, pro se.

<u>Beth Heleman</u>, and <u>James V. Blair</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as barred by res judicata. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2　　The appellant brought this IRA appeal, asserting, inter alia, that the agency committed perjury and subornation of perjury regarding evidence and testimony in her previous appeals, that her prior 10-day suspension resulted in her inability to obtain a security clearance, and that she involuntarily resigned or was constructively discharged from her prior position. Initial Appeal File (IAF), Tab 1 at 2-4. With her appeal, the appellant submitted a letter from the Office of Special Counsel (OSC) informing her of her right to seek corrective action before the Board. *Id*., Exhibit A1. The administrative judge issued an order to show cause why the appeal should not be dismissed as barred by the doctrines of res judicata and/or collateral estoppel. IAF, Tab 6. Both the appellant and the agency responded to the administrative judge's order. IAF, Tabs 7, 10. The administrative judge issued an initial decision finding that the appeal was barred by res judicata. IAF, Tab 13, Initial Decision.

¶3　　The appellant has filed a timely petition for review asserting, inter alia, that the agency's perjury and subornation of perjury constitutes a personnel action

because the action resulted in her 10-day suspension which, in turn, left her unable to obtain a new job. Petition for Review (PFR) File, Tab 1 at 9. She also asserts that the administrative judge did not allow her to conduct discovery.[2] *Id*. at 10-11. Finally, she challenges the administrative judge's finding that her claim is barred by res judicata because she states that she is not attempting to relitigate her prior claims. *Id*. at 5-9. The agency has filed a response. PFR File, Tab 3.

¶4    First, we agree with the administrative judge that, to the extent that the appellant is simply attempting to relitigate the claims raised in her prior appeals, those claims are barred by res judicata. Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Johnson v. Department of Veterans Affairs*, 121 M.S.P.R. 695, ¶ 9 (2014), *aff'd*, No. 14-9619, 2015 WL 2437090 (10th Cir. May 22, 2015). Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id*.

¶5    The appellant has several prior and pending appeals. In a joined appeal, *Boyd v. Department of Labor*, MSPB Docket Nos. AT-1221-12-0456-W-1 and AT-1221-12-0665-W-1, the Board affirmed the administrative judge's denial of corrective action regarding the appellant's claim that a 10-day suspension was in retaliation for her disclosures. *Boyd v. Department of Labor*, MSPB Docket Nos. AT-1221-12-0456-W-1, AT-1221-12-0665-W-1, Final Order (Sept. 17, 2013). The U.S. Court of Appeals for the Federal Circuit affirmed, finding that, contrary

---

[2] The appellant has failed to explain how the discovery sought would help her meet her burden of proof concerning jurisdiction or res judicata or how her substantive rights were affected. Accordingly, we find no reversible error in this respect. *See Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 21 n.6 (2008).

to the appellant's arguments, an agency witness had not perjured himself at the Board hearing. *Boyd v. Department of Labor*, 561 F. App'x 978, 981 (Fed. Cir. 2014). As to the appellant's involuntary resignation appeal, the administrative judge found that she had failed to establish Board jurisdiction; that decision was affirmed both by the Board and the Federal Circuit. *Boyd v. Department of Labor*, MSPB Docket No. AT-0752-12-0513-I-1, Initial Decision (July 31, 2012), *aff'd*, 120 M.S.P.R. 65 (2013) (Table), *aff'd*, 561 F. App'x 973 (Fed. Cir. 2014).[3] In her pending Board appeals, the appellant alleges whistleblower retaliation based on her inability to obtain a security clearance due to her prior discipline or due to a hiring agency's perception that she is a whistleblower. *See Boyd v. Department of Homeland Security*, MSPB Docket No. AT-1221-15-0008-W-1; *see also Boyd v. Department of Labor*, MSPB Docket No. AT-3443-13-7178-B-1; *Boyd v. Department of Homeland Security*, MSPB Docket No. AT-1221-13-3375-B-1.

¶6　　　We find that the requirements for application of res judicata to the prior judgment in the appellant's joined IRA appeal are met. Both the Board and the Federal Circuit have jurisdiction to hear appeals of employees concerning whistleblower retaliation, 5 U.S.C. §§ 1221(a), 7703(a)(1), and it is undisputed that there was a final judgment on the merits in the prior joined IRA appeal. Accordingly, to the extent that the appellant is simply attempting to relitigate claims she raised or could have raised in her prior IRA appeal, the administrative judge properly applied res judicata. *See Groseclose v. Department of the Navy*, 111 M.S.P.R. 194, ¶ 29 (2009).

¶7　　　We further find that, to the extent that the appellant's claims are not barred by res judicata, the Board does not have jurisdiction over the claims raised in this

---

[3] The Board denied a motion to reopen these three appeals in which the appellant had contended that the agency committed perjury. IAF, Tab 1, Exhibit B1, Tab 4 at 20. The appellant has appealed the Board's denial of her motion to reopen to the Federal Circuit. IAF, Tab 4 at 15-17.

appeal. The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before the OSC and makes nonfrivolous allegations that (1) she engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.[4] *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371-72 (Fed. Cir. 2001). The Board has jurisdiction only over those issues raised before OSC. *Kinsey v. Department of the Navy*, 107 M.S.P.R. 426, ¶ 11 (2007).

¶8     Below, the appellant asserted that her prior 10-day suspension has resulted in her inability to obtain a security clearance and employment; she also asserted that she involuntarily resigned. IAF, Tab 1 at 3-4. In its letter to the appellant, OSC stated that the appellant had alleged that agency officials, by committing perjury at her Board hearing, retaliated against her for her protected disclosures. IAF, Tab 1, Exhibit A1. The record does not contain any other evidence concerning the appellant's complaint before OSC. Accordingly, we find that the appellant has failed to establish Board jurisdiction over her assertions concerning the security clearance or her resignation because there is no evidence that she raised these claims before OSC. *See Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶¶ 14-15 (2011) (regardless of whether the alleged agency action constituted a personnel action, the Board lacked jurisdiction over the appellant's claim as to one of the agency's actions where she did not exhaust her remedy with OSC regarding the action).

¶9     We also find that, although the appellant has exhausted her remedy with OSC concerning her claims regarding perjury, she has not nonfrivolously alleged

---

[4] The administrative judge failed to provide the appellant with explicit notice concerning what she needed to allege to establish jurisdiction. However, the agency provided such notice in its pleadings. IAF, Tab 4 at 4. Accordingly, we find that the appellant had notice of the Board's jurisdictional requirements in her specific case and could address those issues below and on petition for review. *See Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 6 (2007).

that perjury or subornation of perjury are covered personnel actions. In the context of an IRA appeal, the applicable statute defines a number of specific actions that constitute covered personnel actions and also provides that "any other significant change in duties, responsibilities, or working conditions" will constitute a covered personnel action. 5 U.S.C. § 2302(a)(2)(A). We find that the appellant's assertion that the agency committed perjury and subornation of perjury does not constitute a nonfrivolous allegation of a personnel action because such actions do not meet the statutory definition. *See Brown v. Department of the Navy*, 102 M.S.P.R. 377, ¶ 7 (2006) (denial of employee's right to have equal employment opportunity representation was not a personnel action). Furthermore, we are not persuaded by the appellant's argument that the alleged perjury or subornation of perjury constitutes a personnel action because of the effect such actions have had on personnel actions such as her inability to obtain a new position. *See generally Reed v. Department of Veterans Affairs*, 122 M.S.P.R. 165, ¶ 13 (2015) (various actions and procedures leading up to the appellant's 3-day suspension did not amount to personnel actions). Accordingly, we find that the administrative judge correctly determined that the present appeal is barred by the doctrine of res judicata. Alternatively, we find that the appellant failed to meet her burden of proving jurisdiction over this IRA appeal, and we modify the initial decision in this regard. We have considered the appellant's remaining arguments and find that they do not provide a basis for reaching a different result.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their

respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.