NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THASHA A. BOYD,**
*Petitioner,*

v.

**DEPARTMENT OF LABOR,**
*Respondent.*

---

2014-3022

---

Petition for review of the Merit Systems Protection Board in Nos. AT1221120456-W-1 and AT1221120665-W-1.

---

Decided: April 11, 2014

---

THASHA A. BOYD of Kennesaw, Georgia, pro se.

ANTONIA R. SOARES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before DYK, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

Thasha A. Boyd appeals from a final order of the Merit Systems Protection Board ("Board") denying her petition for review of the Board's August 3, 2012 and October 19, 2012 initial decisions dismissing her appeals under the Whistleblower Protection Act. *Boyd v. Dep't of Labor*, Nos. AT1221120456-W-1, AT1221120665-W-1 (M.S.P.B. Sept. 17, 2013) ("*Final Order*"). For the reasons that follow, we affirm.

BACKGROUND

Ms. Boyd was previously employed as a GS-12 Immigration Program Analyst in the Department of Labor's Atlanta National Processing Center, Office of Foreign Labor Certification ("OFLC").

On May 3, 2010, Ms. Boyd submitted an anonymous letter to GAO FraudNet requesting that an investigation be conducted into the operations of the OFLC. In her letter, she made several allegations of questionable hiring and compensation practices, as well as general misconduct and poor production standards by OFLC employees and contract staff. On April 4, 2011, she wrote a second anonymous letter to GAO FraudNet with similar allegations.

Throughout her tenure with OFLC, Ms. Boyd was involved in several interpersonal disputes with other employees and contract staff. For example, in November 2011, a contract employee named Kathleen Kurth filed a complaint against Ms. Boyd, alleging that she had intentionally bumped into Ms. Kurth's shoulder when Ms. Kurth had discovered Ms. Boyd going through documents on her desk. Ms. Boyd filed a cross-complaint that Ms. Kurth had harassed her by hitting her on the arm when she was trying to leave Ms. Kurth's cubicle. On February 16, 2012, the Department of Labor ("Labor") proposed to

suspend Ms. Boyd for ten days based on the physical altercation with Ms. Kurth. Shortly thereafter, Ms. Boyd filed a complaint with the United States Office of Special Counsel ("OSC"), seeking corrective action under the Whistleblower Protection Act, 5 U.S.C. § 2302 *et seq.* ("WPA"), alleging that her earlier disclosures to GAO FraudNet were contributing factors in various personnel actions, including the proposed ten-day suspension.

After exhausting the OSC process, Ms. Boyd filed an Individual Right of Action ("IRA") appeal under the WPA. While that appeal was pending, Labor issued a decision implementing the proposed suspension effective April 12, 2012. One day before the suspension was to take effect, on April 11, 2012, Ms. Boyd resigned from her position at the agency. She then sought corrective action from the OSC again, alleging that Labor's final decision letter imposing the suspension constituted a new adverse personnel action. OSC did not pursue her claim, so she filed a second IRA appeal with the Board.

In the first IRA appeal, the administrative judge determined that the Board had jurisdiction to hear Ms. Boyd's appeal because she made detailed, non-frivolous allegations that she had made protected disclosures, that Labor had taken prohibited personnel actions against her, and that management had known of her protected disclosures. *Boyd v. Dep't of Labor*, No. AT1221120456-W-1 (M.S.P.B. Aug. 3, 2012) ("*Initial Decision I*") at 3-5. After finding that the Board had jurisdiction, the administrative judge held a hearing on the merits of Ms. Boyd's claim. At the hearing, Ms. Boyd declined to testify, but instead submitted a written statement. Several other witnesses were called to testify about whether or not the agency was aware of Ms. Boyd's protected disclosures. Ultimately, the administrative judge concluded that Ms. Boyd had failed to prove by preponderant evidence that her protected disclosures were a contributing factor in the personnel actions taken by the agency. *Id.* at 11.

After the decision was issued in Ms. Boyd's first IRA appeal, the administrative judge dismissed her second IRA appeal on collateral estoppel grounds. Specifically, the administrative judge found that the first appeal had resolved the issues of whether management was aware of Ms. Boyd's anonymous protected disclosures (it was not) and whether management perceived Ms. Boyd to be a whistleblower (it did not). Because both of those issues were also necessary to finding in Ms. Boyd's favor in the second appeal, Ms. Boyd could not establish by a preponderance of the evidence that her protected disclosures had been a contributing factor in the personnel actions taken against her. *Boyd v. Dep't of Labor*, No. AT1221120665-W-1 (M.S.P.B. Oct. 19, 2012) ("*Initial Decision II*") at 8.

Ms. Boyd then filed a petition for review of both decisions with the Board. The Board affirmed the administrative judge's decision in the first IRA appeal and denied Ms. Boyd's request for corrective action. *Final Order* at 7-11. The Board also vacated the administrative judge's decision that the second IRA appeal was barred by collateral estoppel because the initial decision in the first IRA appeal was not final when the second IRA appeal was docketed. *Id.* at 6-7. However, the Board nevertheless found that dismissal of the second IRA appeal was appropriate for reasons of adjudicatory efficiency. *Id.*

Ms. Boyd timely appealed the Board's final order. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of Board decisions is limited by statute. Under 5 U.S.C. § 7703(c), we may only reverse a Board decision if we find the decision to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. *Ward v. U.S. Postal Serv.*, 634 F.3d 1274, 1278 (Fed. Cir. 2011).

To establish a prima facie case of whistleblower retaliation, an employee must prove by a preponderance of the evidence that she made a protected disclosure under 5 U.S.C. § 2302(b)(8), that she was subject to an adverse personnel action, and that the protected disclosure was a contributing factor in the adverse action. *See Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). If she does so, the burden then shifts to the agency to establish by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure. *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

Ms. Boyd challenges the Board's decision on several grounds, none of which is persuasive.[1]

First, Ms. Boyd raises numerous challenges to the administrative judge's factual findings, as affirmed by the Board. For example, she argues that the administrative judge erred in evaluating the testimony of one of the witnesses, Mr. Michael Holston. Ms. Boyd claimed that Mr. Holston had previously made statements that Ms. Boyd was "taking away the contractor's jobs"—a statement she thinks indicates that he knew about her protected disclosures to GAO FraudNet. *Initial Decision I* at 10. At the hearing, however, Mr. Holston denied ever having made such a statement. The administrative judge found Mr. Holston's testimony to be credible and that there was therefore no support for Ms. Boyd's position that her anonymous disclosures contributed to the personnel actions taken against her. *Id.* On appeal, Ms. Boyd argues that this credibility determination was

---

[1]    Ms. Boyd filed virtually identical informal briefs in both this case and No. 2014-3015, which relates to her involuntary resignation claim. We have attempted to determine which of her arguments relates to each appeal and have addressed them in the corresponding opinions.

erroneous because Mr. Holston perjured himself and because Ms. Boyd was not given an opportunity to cross-examine him about those statements. Pet'r Br. Continuation 2-4. However, there is simply nothing in the record to suggest that Mr. Holston perjured himself, and Ms. Boyd was present at the hearing and was entitled to cross-examine him, but chose not to do so. Thus, we cannot conclude that the administrative judge incorrectly decided the facts on this basis.

Second, Ms. Boyd argues that the Board committed several legal errors. For example, she alleges that the administrative judge failed to apply the correct legal standard for making credibility determinations. *Id.* at 6-7. Ms. Boyd made similar allegations in her other appeal, No. 2014-3015, also issued today. There, we laid out the standard for credibility determinations, and concluded that the administrative judge properly applied that standard. The same is true here. In the first initial decision, the administrative judge noted that there was no evidence contradicting the witnesses' testimony, that their testimony was not inherently improbable, that they testified in a "confident and forthright manner," and that there was no reason to question their testimony based on their opportunity and capacity to observe the events in question, their character, or any prior inconsistent statements. *Initial Decision I* at 9. At the same time, appellant's hearsay written statement was entitled to little probative weight because she was available to testify at the hearing but chose not to and there was no evidence in the record corroborating her statements. *Id.* Moreover, because the administrative judge's credibility determinations were based on a full consideration of all of the proper factors, the Board did not err in deferring to those determinations. Thus, neither the administrative judge nor the Board committed legal error in crediting the testimony of the hearing witnesses over Ms. Boyd's out-of-court hearsay statement.

Next, Ms. Boyd argues that the administrative judge arbitrarily and capriciously used the doctrine of collateral estoppel to prevent her from introducing new evidence in her second IRA appeal. Pet'r Br. Continuation 18-19. We disagree. As an initial matter, the Board vacated the administrative judge's collateral estoppel decision, so it is no longer in effect and cannot form the basis for her appeal. *See Final Order* at 7. Instead, the Board affirmed the dismissal of Ms. Boyd's second IRA appeal on the grounds of adjudicatory efficiency. *Id.* Ms. Boyd has not argued that the Board made any legal error in dismissing her second appeal on that basis, but regardless, we conclude that it did not. The Board has often ruled that it is appropriate to dismiss a second appeal on the grounds of adjudicatory efficiency when it raises claims already decided in an initial decision in an earlier appeal. *See Zgonc v. Dep't of Defense*, 103 M.S.P.R. 666, 669 (2006). Thus, the only real question is whether the two appeals in fact raise the same claims. The question in both appeals was whether Ms. Boyd's protected disclosures in her two anonymous letters to GAO FraudNet were "contributing factors" to the agency's personnel actions against her. The only difference between the two appeals is the personnel action in question: the first appeal relates to the *proposal* of the ten-day suspension (among other things), while the second appeal relates to the actual *imposition* of that same suspension. However, nothing in Ms. Boyd's allegations suggests that the agency's knowledge of her protected disclosures changed in any way between the February 16, 2012 proposal of her suspension and the April 11, 2012 finalization of that action. Thus, the administrative judge was correct that the first appeal effectively resolved the claims at issue in the second appeal, and the Board did not err in dismissing the second appeal for reasons of adjudicatory efficiency.

Finally, Ms. Boyd argues that she suffered several due process violations and harmful procedural errors that

were not adequately addressed by the Board. The Board disposed of those allegations by noting that they may not be heard in the context of an IRA appeal. *Final Order* at 11 (citing *Marren v. Dep't of Justice*, 51 M.S.P.R. 632, 638-39 (1991)). However, Ms. Boyd says this was a misunderstanding of her claim, which was that certain due process violations themselves constituted adverse personnel actions for purposes of her WPA claim. *See* Pet'r Br. 1, Pet'r Br. Continuation 15-16. But in light of the finding that Ms. Boyd had not established that the agency even knew about her protected disclosures, there was no need for either the administrative judge or the Board to independently consider every allegedly retaliatory personnel action. Thus, the Board did not err in failing to discuss Ms. Boyd's due process allegations.

We have considered Ms. Boyd's remaining arguments and find them unpersuasive. We find no reason to conclude that the Board's findings were unsupported by substantial evidence or were not in accordance with law.

CONCLUSION

For the foregoing reasons, we conclude that the Board correctly denied Ms. Boyd's petition for review and affirmed the dismissal of both of her IRA appeals. Accordingly, we affirm.

**AFFIRMED**

COSTS

Each party shall bear its own costs.