# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THASHA A. BOYD,

Appellant,

v.

DEPARTMENT OF HOMELAND
SECURITY,

Agency.

DOCKET NUMBER
AT-1221-13-3375-W-1

DATE: November 24, 2014

# THIS ORDER IS NONPRECEDENTIAL[1]

Thasha A. Boyd, Kennesaw, Georgia, pro se.

Beverly R. Brooks, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal of her nonselection for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      In August 2012, the appellant applied for a vacancy with the Department of Homeland Security (DHS). *See* Initial Appeal File (IAF), Tab 1 at 5, Tab 4 at 12-17. DHS responded with a letter indicating that she was tentatively selected for the position in October 2012. IAF, Tab 4 at 20-21. The letter specified that her selection could not be confirmed until her pre-employment checks were completed. *Id*. at 20. DHS instructed the appellant to complete the applicable security forms, and informed her that, although she was a prior federal employee with the Department of Labor (DOL), she might be subject to a new background investigation. *Id*.; IAF, Tab 1 at 5. In February 2013, DHS notified the appellant that an Office of Personnel Management (OPM) background investigation was closed. IAF, Tab 6 at 38. As part of that investigation, the appellant had revealed that DOL had issued her a 10-day suspension in April 2011. *Id*. Therefore, DHS requested that the appellant provide a copy of the corresponding proposal and decision letters issued by DOL. *Id*.

¶3      DHS rescinded its tentative selection of the appellant for its vacancy in April 2013. IAF, Tab 4 at 24. At that time, DHS indicated that while there was an immediate need to fill the position in order to meet mission requirements, the agency was unable to determine how long it would take to complete its investigation of the appellant's background. *Id*. Subsequently, the appellant filed an IRA appeal[2] with the Board, alleging that the rescission was the result of

---

[2] In addition to DHS, the appeal named OPM and DOL as parties. IAF, Tab 1 at 4. The appeal was split into three distinct cases against DHS, OPM, and DOL. *See* IAF (claim against DHS); *Boyd v. Office of Personnel Management*, MSPB Docket No. AT-0731-13-7162-I-1 (claim against OPM); *Boyd v. Department of Labor*, MSPB Docket No. AT-3443-13-7178-I-1 (claim against DOL). The Board adjudicated them separately from this IRA appeal.

whistleblower disclosures she made in May 2010 and April 2011, while employed at DOL.[3]  IAF, Tab 1 at 9-10.

¶4      Following the appellant's appeal of DHS's nonselection, the administrative judge ordered the appellant to submit argument and evidence constituting a nonfrivolous allegation falling within the Board's jurisdiction.  IAF, Tab 5.  The appellant submitted a response.  IAF, Tab 6.  Nevertheless, without holding a hearing, the administrative judge dismissed the case for lack of jurisdiction.  IAF, Tab 12, Initial Decision (ID).  The appellant has filed a petition for review, to which the agency has responded.  Petition for Review (PFR) File, Tabs 1, 3.

¶5      Generally, in order to establish jurisdiction over an IRA appeal, an appellant must prove that she exhausted her administrative remedies before the Office of Special Counsel (OSC)[4] and make nonfrivolous allegations that (1) she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *King v. Department of Army*, 116 M.S.P.R. 689, ¶ 6 (2011).  For the first element, engaging in whistleblowing activity by making a protected disclosure, the Board has found that an individual who is perceived as a

---

[3] The appellant resigned from her DOL position in April 2012.  In three prior Board appeals, she alleged that DOL constructively removed her and engaged in whistleblower retaliation.  The Board dismissed the constructive removal appeal.  *Boyd v. Department of Labor*, MSPB Docket No. AT-0752-12-0513-I-1, Final Order at 3-8 (Sept. 17, 2013).  The Board reviewed her whistleblower retaliation claims, found that she failed to meet her burden of proof as to one and dismissed the other based upon judicial efficiency.  *Boyd v. Department of Labor*, MSPB Docket Nos. AT-1221-12-0456- W-1 & AT-1221-12-0665-W-1, Final Order at 4, 7-11 (Sept. 17, 2013).  The U.S. Court of Appeals for the Federal Circuit affirmed those decisions.  *Boyd v. Department of Labor*, 561 F. App'x 973 (Fed. Cir. 2014) (Table); *Boyd v. Department of Labor*, 561 F. App'x 978 (Fed. Cir. 2014) (Table).

[4] The administrative judge determined that the appellant had exhausted her administrative remedies with OSC prior to filing her appeal with the Board.  ID at 5; *see* IAF, Tab 1 at 13-15 (OSC letters closing the appellant's complaint).

whistleblower is still entitled to the protections of the Whistleblower Protection Act (WPA), even if she has not made protected disclosures.[5] *Id*.

¶6        In finding that the appellant failed to allege a nonfrivolous allegation that she made a protected disclosure or that DHS perceived her as a whistleblower, the administrative judge erred. *See* ID at 6. The appellant's appeal of DHS's nonselection in the instant case referenced her prior whistleblower appeals. IAF, Tab 1 at 5 n.3. In those prior appeals, the Board confirmed that she made protected disclosures.[6] *See Boyd*, 120 M.S.P.R. 65 (2013) (Table), Docket Nos. AT-1221-12-0456-W-1 & AT-1221-12-0665-W-1, Final Order at 7. In addition, her response to the administrative judge's show cause order included a letter from the appellant to DHS. IAF, Tab 6 at 43-47. The letter is dated October 31, 2012, which falls after DHS's tentative offer but before DHS's rescission of that offer. *Id*. The letter described several legal actions involving the appellant, including a libel and slander suit reportedly stemming from harassment at DOL because she had reported incidents of fraud, waste, and abuse. *Id*. at 45. The administrative judge's decision failed to address the Board's prior determination that the appellant made protected disclosures and it failed to address the October 31, 2012 letter and whether it could have caused DHS to perceive the appellant as a whistleblower.

¶7        As to the second jurisdictional element, whether the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action, the administrative judge also erred. His decision concluded that the Board

---

[5] The Whistleblower Protection Enhancement Act of 2012 (WPEA), which amended the WPA, became effective on December 27, 2012, before the appeal was filed in this case. We find that the changes enacted by the WPEA do not affect the outcome of this appeal.

[6] The protected disclosures were letters that were sent to the Government Accountability Office, requesting an investigation into the operations of the Office of Foreign Labor Certification as it related to a lack of production standards, frequent breaks, pay inequality, questionable hiring practices, misuse of government equipment, and poor training programs. *Boyd*, MSPB Docket Nos. AT-1221-12-0456-W-1 & AT-1221-12-0665-W-1, Final Order at 3 n.4.

lacks jurisdiction over any concerns the appellant had regarding DHS's handling of a security clearance.  ID at 6.  However, in its response to the show cause order, DHS explicitly argued that it rescinded its tentative job offer without making any determination on the appellant's background, suitability, or security clearance.  IAF, Tab 4 at 5, 8.  Under the WPA, the cancellation of a vacancy announcement or nonselection of an applicant for an appointment can be a personnel action.  *King*, 116 M.S.P.R. 689, ¶ 10.

¶8    Although DHS's rescission of its offer and nonselection of the appellant did amount to a personnel action under the WPA, she was still required to present a nonfrivolous allegation that her protected disclosure or DHS's perception of her as a whistleblower was a contributing factor to her nonselection.  *See id.*, ¶¶ 6, 9. However, a 1994 amendment to the WPA permits an appellant to demonstrate that a disclosure was a contributing factor to a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the whistleblowing disclosure and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action.  *See* 5 U.S.C. § 1221(e)(1)(A), (B); *Powers v. Department of the Navy*, 69 M.S.P.R. 150, 155-56 & n.6 (1995).

¶9    In his decision, the administrative judge did not address the knowledge prong of the knowledge/timing test.  ID at 7.  Instead, he relied on the approximate 2-year delay between the appellant's alleged disclosure and DHS's cancellation of her tentative job offer in finding that the timing aspect of the knowledge/timing test was not satisfied.  ID at 7.  However, the language of 5 U.S.C. § 1221(e)(1)(B) does not prohibit the inference of a causal link in a case such as this, where an agency is alleged to have learned of a disclosure long after the disclosure itself but shortly before taking a personnel action.  Therefore, by failing to address the appellant's October 31, 2012 letter notifying DHS of her alleged disclosures and limiting his review of the timing to the span between the actual disclosure and DHS's action, the administrative judge erred.

¶10　　Based upon the above, we find that the appellant met her burden of establishing Board jurisdiction regarding her nonselection for the DHS vacancy. Because she made nonfrivolous allegations, the appellant is entitled to a hearing on the merits to determine whether her disclosures were a contributing factor in her nonselection. *See Oscar v. Department of Agriculture*, 103 M.S.P.R. 591, ¶ 7 (2006).

## ORDER

¶11　　For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:　　　　　　　_____
　　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.