NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD KEITH WATKINS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2018-1420

---

Petition for review of the Merit Systems Protection Board in No. DC-0831-18-0148-I-1.

---

Decided: June 8, 2018

---

RONALD KEITH WATKINS, Silver Spring, MD, pro se.

TARA JEAN KILFOYLE, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE M. SMITH.

---

Before NEWMAN, DYK, and TARANTO, *Circuit Judges.*

PER CURIAM.

In October 2017, Ronald Keith Watkins received a decision from the United States Office of Personnel Man-

agement (OPM) denying his request for an immediate (as opposed to deferred) Civil Service Retirement System retirement annuity. He appealed to the Merit Systems Protection Board. The assigned administrative judge of the Board dismissed Mr. Watkins's appeal on two grounds—that the Board lacked jurisdiction, and that this appeal was duplicative of an earlier still-pending appeal on the same claim. The administrative judge explained that OPM had withdrawn the October 2017 decision and also that the same retirement-annuity claim had been decided by OPM earlier and Mr. Watkins's separate appeal from that earlier decision was currently pending before the full Board. *Watkins v. Office of Pers. Mgmt.*, 2018 WL 400554 (2018). We affirm.

I

Mr. Watkins began working for the government of the District of Columbia in 1981. Before his employment was terminated in February 2003, he made protected whistle-blowing disclosures to the District of Columbia Inspector General's Office and to the United States Attorney's Office for the District of Columbia. As a result, Mr. Watkins successfully brought a suit under the District of Columbia Whistleblower Protection Act and was awarded damages and back pay.

In August 2015, Mr. Watkins submitted an Application for Immediate Retirement, Standard Form 2801, to OPM. On December 19, 2015, OPM issued an initial decision to Mr. Watkins denying his claim, and it affirmed that denial in a final decision issued on February 8, 2016. Mr. Watkins appealed the February 2016 decision to the Board, and an administrative judge issued an initial decision affirming the denial. *Watkins v. Office of Pers. Mgt.*, 2016 WL 3988775 (2016). In July 2016, Mr. Watkins filed a petition for review seeking the full Board's review of that decision. When Mr. Watkins sought relief from this court, citing inaction by the Board because it

lacked a quorum, this court denied the request. *Watkins v. Office of Pers. Mgmt.*, No. 17-1516, Order (March 23, 2017).

On October 18, 2017, while Mr. Watkins's petition for review was still pending (as it still is), OPM issued Mr. Watkins a second initial decision. That initial decision denied the same claim for immediate retirement and told Mr. Watkins that he could request reconsideration. It also stated that he was eligible for a deferred retirement commencing August 18, 2016, for which OPM would begin payments upon receiving a properly completed SF1496A form.

Mr. Watkins appealed the October 2017 initial decision to the Board in November 2017. The assigned administrative judge, concerned about lack of finality, ordered both Mr. Watkins and OPM to address the reviewability of the October 2017 decision. In response, OPM stated that the decision was indeed not a final decision, that it was duplicative of the earlier February 2016 decision, and that, because of the duplicativeness, OPM "rescinds the initial decision dated October 18, 2017" as "issued in error." Supp. App. 41.

The administrative judge dismissed Mr. Watkins's appeal in January 2018. The administrative judge reasoned that it was undisputed that the October 2017 decision was not a final decision; contrary to Mr. Watkins's contention, OPM had not refused to adjudicate his claim; and in any event, any jurisdiction the Board had ended when OPM rescinded the October 2017 decision. Further, and in the alternative, the administrative judge ruled that dismissal was proper even if Mr. Watkins was correct that OPM was now refusing to issue a final decision on his claim. The administrative judge cited Board authorities establishing that the appeal should be dismissed in the interest of adjudicatory efficiency because of the 2016 appeal on the same claim, which was already

rejected by an administrative judge and still pending before the full Board.

On February 16, 2018, the administrative judge's January 2018 initial decision became the final decision of the Board as to the November 2017 appeal. On that day, Mr. Watkins's already-filed petition for review to this court became timely. *See* 5 U.S.C. §7703(b)(1)(A); *Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361, 1365 (Fed. Cir. 2016) ("when a petitioner files a petition for review with this court before an AJ's initial decision becomes final, the petitioner's appeal ripens once that initial decision becomes the final decision of the MSPB"). We have jurisdiction under 28 U.S.C. § 1295(a)(9).

II

Under 5 U.S.C. § 7703(c), we review the decision before us to determine if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law; or unsupported by substantial evidence." *Ward v. U.S. Postal Serv.*, 634 F.3d 1274, 1278 (Fed. Cir. 2011) (internal quotation marks and citations omitted). We have been shown no such error justifying disturbance of the administrative judge's decision in this matter. With respect to both the Board-jurisdiction and efficiency grounds, the administrative judge did not err in relying on the existence of the still-pending earlier appeal from OPM's earlier final decision on the same claim for an immediate retirement annuity.

When reviewing determinations regarding an individual's rights or interests under the Civil Service Retirement System, the Board has jurisdiction only after OPM issues a final decision, and an initial decision is not final when it is still subject to reconsideration—as the October 2017 initial decision expressly was. *See* 5 C.F.R. §§ 831.109(f)(1), 831.110. Although in some circumstances "an initial decision subject to reconsideration or the

absence of any decision at all may [] constitute a final administrative action or decision," *Okello v. Office of Pers. Mgmt.*, 120 M.S.P.R. 498, 502–04 (2014) (internal quotation marks omitted); *see McNeese v. Office of Pers. Mgmt.*, 61 M.S.P.R. 70, 74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table), the Board has concluded that such an exception does not apply when OPM has already issued a separate final decision on the same issues, *Muyco v. Office of Pers. Mgmt.*, 104 M.S.P.R. 557, 562 (2007). We see no error in applying those principles here, where OPM actually rescinded the October 2017 initial decision at issue; the administrative judge reasonably treated the earlier, 2016 OPM decision on the same issues as foreclosing an argument that OPM refused to decide the issues. And even aside from Board jurisdiction, we have determined in a past non-precedential opinion that when an appellant files an appeal with the Board that presents the same claims as an earlier appeal and the earlier appeal remains pending before the full Board, an administrative judge does not violate the law in dismissing the later appeal in the interest of adjudicatory efficiency. *Boyd v. Dep't of Labor*, 561 Fed. Appx. 978, 982 (Fed. Cir. 2014) (citing *Zgonc v. Dep't of Defense*, 103 M.S.P.R. 666, 669 (2006)). We have no reason to draw a different conclusion here.

Because the Board had proper reasons to dismiss the appeal, we need not address the merits of Mr. Watkins's contentions. He presumably has had or will have an opportunity to present those contentions in his first appeal, still pending before the Board.

## III

For the foregoing reasons, we affirm the decision of the Board in Mr. Watkins's November 2017 appeal.

No costs.

**AFFIRMED**