NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**GLADYS S. BLOUNT,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2021-1393

_____

Petition for review of the Merit Systems Protection Board in No. DC-1221-19-0766-W-1.

_____

Decided: August 3, 2021

_____

GLADYS S. BLOUNT, Fayetteville, NC, pro se.

CALVIN M. MORROW, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

_____

Before NEWMAN, PROST, and STOLL, *Circuit Judges*.

PER CURIAM.

The Merit Systems Protection Board ("Board") dismissed petitioner Gladys S. Blount's whistleblower retaliation appeal for lack of jurisdiction. *See Blount v. Dep't of Def.*, No. DC-1221-19-0766-W-1, 2020 WL 1238058 (M.S.P.B. Mar. 11, 2020). She appeals. We affirm because we agree with the Board that none of the actions that Ms. Blount alleged are "personnel actions" under 5 U.S.C. § 2302(a)(2)(A).

\* \* \*

Ms. Blount was an assistant principal at the federally operated Gordon Elementary School in Fort Bragg, North Carolina. In August 2019, she filed an individual-right-of-action ("IRA") appeal with the Board alleging that the Department of Defense Education Activity (that is, the agency that runs Gordon Elementary) engaged in a personnel action in retaliation for Ms. Blount's whistleblower activity. *See* S.A. 16.[1] In that proceeding (and in the Office of Special Counsel complaint leading to it), she alleged that the agency retaliated with "disparate work assignment[s]." S.A. 16 (IRA appeal form). Specifically, Ms. Blount pointed to (1) an order for her to attend a single training session in April 2019 to make up for one she allegedly missed (though she disputes missing it), (2) a requirement by those conducting the training for attendees to submit an "action plan" (a curricular requirement for all attendees), and (3) reminder emails from the same people that she needed to complete that action plan (and offering to help). *See* S.A. 4–5, 17–18. As the Board observed, "[i]t is undisputed that [Ms. Blount] received no discipline of any kind" for "failing to respond to emails . . . regarding her action plan, or for failing to provide the plan itself." S.A. 6.

---

[1]    "S.A." refers to the supplemental appendix filed with the respondent's response brief.

The Board's jurisdiction is strictly limited by law.  *See Bolton v. MSPB*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).  To establish the Board's jurisdiction in an IRA appeal, an appellant must raise nonfrivolous (i.e., legally adequate) allegations not only (1) that she engaged in whistleblowing activity but also (2) that the whistleblowing was a contributing factor in the agency's decision to take or fail to take a "personnel action," as defined in 5 U.S.C. § 2302(a)(2)(A). *Stoyanov v. Dep't of the Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007).  This case concerns the second requirement: whether the allegedly retaliatory actions were "personnel actions" as § 2302(a)(2)(A) defines them.

The Board first concluded that Ms. Blount had not adequately alleged that these actions were "disparate" as to her.  S.A. 6–7.  The Board also determined that she had "not identified any conduct by the agency" that "qualifies as a personnel action under 5 U.S.C. § 2302(a)(2)."  S.A. 7.  Accordingly, it dismissed the appeal.  *See Willis v. Dep't of Agriculture*, 141 F.3d 1139, 1142 (Fed. Cir. 1998).

We agree with the Board.  A party seeking to bring an IRA appeal has the burden to establish jurisdiction.  Ms. Blount has not identified which category of activity in § 2302(a)(2)(A) that the alleged actions would fall under.  Respondent suggests that the closest possible categories are (1) "a decision . . . concerning education or training if the education may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other [personnel] action" and (2) a "significant change of duties, responsibilities, or working conditions."  *See* 5 U.S.C. § 2302(a)(2)(A).  Neither category conceivably fits the allegations here—nor do any of the others.

We note that in addition to the allegations discussed above, Ms. Blount has pointed to her reassignment from one full-time to two part-time assistant principal positions, arguing that this too was a retaliatory action.  *See* S.A. 17–18.  That action, however, is beyond the scope of

BLOUNT v. MSPB

this underlying IRA at the Board (and therefore beyond this appeal in our court).  Rather, it is at issue in a different IRA appeal of Ms. Blount's.  *See* S.A. 4 n.2 (citing *Blount v. Dep't of Def.*, No. DC-1221-19-0765-W-1 (M.S.P.B. Aug. 2, 2018)).  The Board properly declined to address the reassignment in this case under the doctrine of adjudicatory efficiency.  *See Boyd v. Dep't of Labor*, 561 F. App'x 978, 982 (Fed. Cir. 2014).

\* \* \*

In summary, even if we assume that everything Ms. Blount says is true, none of the actions that the agency took constituted a retaliatory "personnel action" under the meaning of the whistleblower statute.  Accordingly, the Board correctly concluded that it did not have jurisdiction to hear an IRA appeal that was based on these allegations. We therefore affirm.

## AFFIRMED

COSTS

No costs.