NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICARDO R. CASTILLEJOS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2022-1036

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-21-0145-I-1.

---

Decided: June 10, 2022

---

RICARDO R. CASTILLEJOS, Olongapo City, Philippines, pro se.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY.

---

Before DYK, REYNA, and TARANTO, *Circuit Judges*.

PER CURIAM

Ricardo Castillejos appeals from the decision of the Merit Systems Protection Board ("Board"). The Board dismissed Mr. Castillejos's appeal of an Office of Personnel Management ("OPM") final decision denying his application for a civil service annuity. We *reverse* and *remand*.

## BACKGROUND

Mr. Castillejos, a citizen of the Philippines, was a federal employee of the United States Department of the Navy from October 1974 until September 1986 and again from April 1987 until August 1992. In 2017, Mr. Castillejos filed a claim challenging an OPM reconsideration decision denying his application for a deferred retirement based on his employment for the period 1974 to 1986 (*Castillejos III*). An administrative judge ("AJ") affirmed the denial in November 2017. Mr. Castillejos petitioned the Board for review in January 2018. The petition remains pending before the Board.

In 2020, Mr. Castillejos again applied to OPM for a civil service annuity, this time additionally based on the period 1987 to 1992, and was denied. He appealed the decision. An AJ dismissed Mr. Castillejos's appeal, finding that he was collaterally estopped by *Castillejos III*. This became the final decision of the Board on September 17, 2021, when Mr. Castillejos did not seek review by the full Board. Mr. Castillejos petitions this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Whether a particular claim is barred by collateral estoppel is a question of law which we review without deference. *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1267 (Fed. Cir. 2008). Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future

lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). Agency decisions may ground collateral estoppel. *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 141–42 (2015).

To determine whether an agency decision satisfies the finality requirement, "reference must be made to the procedures of the agency that specify what official has authority to decide and the point at which the decision becomes effective." Restatement (Second) of Judgments, § 83 cmt. e (Am. Law Inst. 1982).[1] An initial decision by an AJ subject to review by the Board is not a final judgment and cannot be the basis for collateral estoppel. *Zgonc v. Dep't of Def.*, 103 M.S.P.R. 666, 669 (2006) (citing *Wade v. Dep't of the Air Force*, 70 M.S.P.R. 396, 398 (1996), *aff'd*, 104 F.3d 375 (Fed. Cir. 1996) (Table)). Here, as the government agrees, the Board erred in dismissing the suit based on collateral estoppel because *Castillejos III*, which is still pending review by the full Board, is not a final judgment.

Although we generally review the Board's decisions on the grounds "upon which the record discloses that its action was based," *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943), we may, "where appropriate, affirm the Board on grounds other than those relied upon in rendering its decision, when upholding the Board's decision does not depend upon making a determination of fact not previously made by the Board," *Killip v. OPM*, 991 F.2d 1564, 1568–69 (Fed. Cir. 1993) (citing *Chenery*, 318 U.S. at 88). The government urges this court to affirm the dismissal of the case on grounds of adjudicatory efficiency because "[t]he Board has

---

[1]    We have held in the context of administrative proceedings for challenging the validity of patents that collateral estoppel applies after this court affirms the agency's decision or once it is not subject to judicial review. *See XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018).

often ruled that it is appropriate to dismiss a second appeal on the grounds of adjudicatory efficiency when it raises claims already decided in an initial decision in an earlier appeal." *Boyd v. Dep't of Lab.*, 561 F. App'x 978, 982 (Fed. Cir. 2014) (citing *Zgonc*, 103 M.S.P.R. at 669). *See generally In re Vox Populi Registry Ltd.*, 25 F.4th 1348, 1352 n.2 (Fed. Cir. 2022) (doctrine of administrative preclusion may preclude repetitive applications).

The problem with the government's argument and the Board's apparent conclusion that Mr. Castillejos is filing "serial applications seeking the same annuity based on the same period of Federal civilian service," S.A. 6, is that Mr. Castillejos raises different claims in this case. *Castillejos III* involved only the period of employment between 1974 and 1986. Here, Mr. Castillejos additionally argues for benefits based on his employment between 1987 and 1992. Unlike in *Boyd*, these are facially different claims. Under these circumstances, we decline to affirm the Board's dismissal on grounds of adjudicatory efficiency.

We reverse and remand for further proceedings consistent with this opinion. This does not preclude the Board from holding the case on remand until the resolution of *Castillejos III*.

## REVERSED AND REMANDED

### COSTS

Costs against Respondent.